UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN BURNS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>MAPLEBEAR INC. d/b/a INSTACART,<br><br>   Defendant | CASE NO. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I. INTRODUCTION**

 1. This case is brought on behalf of individuals who have worked for Maplebear, Inc. d/b/a Instacart ("Instacart") as shoppers in the state of Illinois. Instacart provides on-demand grocery shopping and grocery delivery services through a mobile phone application and website. Instacart is based in San Francisco, California, but it does business across the United States and extensively throughout the state of Illinois.

 2. As described further below, Instacart has misclassified its shoppers, including Plaintiff Ryan Burns, as independent contractors when they should be classified under Illinois law as employees. Based on the shoppers' misclassification as independent contractors, Instacart has unlawfully required shoppers to pay business expenses (including but not limited to the cost of maintaining their vehicles, gas, insurance, phone and data expenses, and other costs) in violation of the IWPCA, 820 ILCS 115/9.5(a). Additionally, Instacart has failed to pay shoppers promised wages

under the IWPCA, 820 ILCS 115/4. Instacart has also failed to guarantee and pay its shoppers minimum wage for all hours worked and it has failed to pay overtime premiums for hours worked in excess of forty hours per week in violation of the IMWL, 820 ILCS 105/1, et seq. and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

3. Plaintiff brings this action on behalf of himself, and on behalf of other Instacart shoppers who may choose to opt in to this case, collectively the FLSA Collective, for not paying minimum and overtime wages as required by the FLSA pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also brings his Illinois state law claims on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

5. Plaintiff seeks compensation on his own behalf and on behalf of all those similarly situated, for lost wages, liquidated damages, attorneys' fees and costs, pre-and post-judgement interest, and any other relief that the Court deems proper.

II. **PARTIES**

6. Plaintiff Ryan Burns is an adult resident of Edwardsville, Illinois. He has worked as an Instacart independent contractor shopper in the area from January 2, 2023 to March 2024.

7. Defendant Maplebear, Inc. is a Delaware corporation with its headquarters in San Francisco, California. Defendant does business throughout the state of Illinois, and its registered agent is located in Chicago, Illinois.

**III.     JURISDICTION**

8.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

10.     The Court also has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Instacart is a California citizen, incorporated in Delaware and the putative plaintiff class members reside primarily in Illinois; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

**IV.     STATEMENT OF FACTS**

11.     Defendant Maplebear, Inc. operates a nationwide same-day delivery service, which engages shoppers across the state of Illinois to deliver groceries and other items from a host of retailers to its customers at their homes and businesses. Customers schedule deliveries through a mobile phone application or through Instacart's website, and shoppers make same-day deliveries from many retailers, including grocery stores and other retailers like Dollar Tree, Best Buy, Michaels, Family Dollar, Big Lots, Dick's Sporting Goods, and Sephora.

12.     Instacart engages shoppers across the country to prepare and deliver grocery orders. "Full-service shoppers" shop for the items, as well as deliver them to customers.  Instacart also engages "in-store shoppers" (whom it classifies as employees)

who pick out and shop for items but do not deliver them. These "in-store shoppers" (who do not deliver) are not the subject of this Complaint.

13. Plaintiff Ryan Burns worked as a full-service shopper for Instacart from January 2023 to March 2024.

14. Instacart has classified its shoppers like Mr. Burns as "independent contractors," but under federal and Illinois state law, they should have been classified as employees.

15. Instacart shoppers perform services within Instacart's usual course of business, which is a grocery delivery service. The shoppers' services are fully integrated into Instacart's business. Without shoppers to perform grocery deliveries, Instacart would not exist.

16. Instacart shoppers are not typically engaged in their own delivery business. When delivering items for Instacart customers, they wear the "hat" of Instacart.

17. In addition, Instacart maintains the right of control over the shoppers' performance of their jobs and exercises detailed control over them. Instacart determines the prices charged to customers and the amount that Plaintiff and other shoppers will be paid for any given delivery; drivers have no ability to negotiate their rates. Instacart handles payment processing by charging the customer's credit card for the delivery and remitting it to the shopper.

18. Instacart communicates directly with customers and follows up with shoppers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations. Based on any customer feedback, Instacart may suspend or terminate shoppers.

4

19. Instacart customers cannot request a specific shopper and must place their orders through Instacart rather than with any particular shopper.

20. Instacart shoppers do not need special qualifications or experience apart from a valid driver's license, access to a reliable vehicle, a clean driving record and background check, and the ability to lift 40 pounds (of groceries).

21. Instacart shoppers sign up for shifts in advance and must wait in specified locations to receive deliveries.

22. Instacart does not reimburse shoppers for any expenses they may incur while working for Instacart, including, but not limited to the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Instacart Application. Plaintiff and other Instacart Shoppers incur these costs as a necessary expenditure to work for Instacart, which Illinois law requires employers to reimburse.

23. Instacart shoppers have not always received the minimum wage for all hours worked. Shoppers have been paid based on a combination of fees per delivery and fees per item purchased and delivered. Because Plaintiff and other Instacart shoppers are paid by the delivery and do not receive an hourly rate and have been required to bear many of the expenses of their employment, their pay rates have often fallen below the state and federal minimum wage. Plaintiff estimates that he has not always received minimum wage, though he no longer has access to his records of his hours worked for Instacart to calculate his precise hourly rate. Additionally, there were some occasions when Plaintiff was logged on to the Instacart app, ready and able to make grocery deliveries, but did not receive any requests and so did he not receive any pay at all for these hours.

24. Plaintiff and other Instacart shoppers have not been paid time-and-a-half their regular rate for hours worked beyond forty per week. Plaintiff no longer has access to records of his hours worked for Instacart, but Plaintiff estimates that he worked more than forty hours per week roughly one week out of every month, including in March 2023.

## V. CLASS ACTION ALLEGATIONS

25. The class representative has brought this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Instacart shoppers who have worked for Instacart in Illinois.

26. The class representative and other class members have uniformly been misclassified as independent contractors.

27. The members of the class are so numerous that joinder of all class members is impracticable.

28. Common questions of law and fact regarding Instacart's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether the work performed by class members—providing transportation service to customers—is within Instacart's usual course of business;

   b. Whether the work performed by class members—providing transportation service to customers—is performed at Instacart's usual place of business, namely the roads and highways upon which they operate;

   c. Whether class members have been required to work under Instacart's direction and control;

    d.  Whether class members are engaged in an independently established business or occupation while they are transporting Instacart's customers;

    e.  Whether class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, smart phone, and other expenses;

    f.  Whether class members have received time-and-a-half their regular rate when they work more than forty hours per week;

29. The class representative is a member of the class, who suffered damages as a result of Instacart's conduct and actions alleged herein.

30. The class representative's claims are typical of the claims of the class and he has the same interests as the other members of the class.

31. The class representative will fairly and adequately represent and protect the interests of the class. The class representative has retained able counsel experienced in class action litigation and particularly in the allegations included here. The interests of the class representative are coincident with, and not antagonistic to, the interests of the other class members.

32. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it

practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI. COLLECTIVE ALLEGATIONS

34. Plaintiff's FLSA claims should proceed for the FLSA Collective as a collective action on behalf of all similarly situated individuals who worked as shoppers for Instacart during the past three years who may choose to opt in to this case.

35. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

36. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Instacart did not pay shoppers at least the minimum wage for all hours worked or overtime wages for hours worked in excess of forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## COUNT I
### FLSA Minimum Wage Claim

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

38. Instacart is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because, on information and belief, Instacart has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

39. Plaintiff and the members of the proposed FLSA Collective were employees of Instacart for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

40. Under the FLSA, 29 U.S.C. § 206, Instacart was required to pay Plaintiff and the members of the proposed FLSA Collective minimum wages for all hours worked.

41. Instacart has failed to pay Plaintiff and the members of the proposed collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

42. Instacart's conduct was willful and intentional, in that Instacart knew, required, approved and/or suffered or permitted Plaintiff and members of the proposed FLSA Collective to work hours for which they were not paid at the federal minimum wage.

43. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II
**Failure to Pay Minimum Wage, IMWL, 820 ILCS 105/1, *et seq*.**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

45. At all times relevant herein, Plaintiff and the members of the proposed class were employees of Instacart within the meaning of the IMWL, 820 ILCS 105/3(d).

46. At all relevant times, Instacart was an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

47. Plaintiff and the members of the proposed class have not received proper minimum wages under the IMWL, 820 ILCS. 105/1, *et seq.*, during their employment with Instacart.

48. Pursuant to 820 ILCS 105/4, Plaintiff and the members of the proposed class were entitled to be compensated at least the applicable State minimum wage rate of $10 in late 2020; $11 in 2021; $12 in 2022 and $13 in 2023.

49. Instacart's willful conduct in failing to ensure that its shoppers have received the Illinois state minimum wage for all hours worked constitutes a violation of 820 ILCS 105/1, *et seq.* This claim is brought on behalf of all shoppers who have worked for Instacart in Illinois during the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

## COUNT III
## FLSA Overtime Claim

50. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

51. Instacart is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because, on information and belief, Instacart has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

52. Plaintiff and the members of the proposed FLSA Collective were employees of Instacart for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

53. Plaintiff and members of the proposed FLSA Collective regularly worked more than forty hours per week, yet Instacart failed to pay them the overtime rate required under the FLSA, in violation of 29 U.S.C. § 207.

54. Instacart's violations of the overtime requirements of the FLSA were willful, since their conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

55. This Count is brought under 29 U.S.C. § 216(b) on behalf of all of Instacart's employees who worked more than forty hours per week in any week during the past three years who may choose to "opt in" to this case.

## COUNT IV
### Failure to Pay Overtime, 820 ILCS 105/4a

56. Plaintiff re-alleges and incorporate by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

57. At all times relevant herein, Plaintiff and the members of the proposed class were employees of Instacart within the meaning of the IMWL, 820 ILCS 105/3(d).

58. At all relevant times, Instacart was an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

59. Plaintiff and the members of the proposed class have not been paid overtime for all hours worked beyond forty per week in violation of 820 ILCS 105/4a during their employment with Instacart.

60.     Pursuant to 820 ILCS 105/4a, Plaintiff and the other members of the proposed class have been entitled to be compensated at time and a half the regular rate of pay for all overtime hours worked.

61.     Instacart has failed to ensure that its shoppers receive overtime for all hours worked beyond forty per week. This claim is brought on behalf of all who have worked for Instacart in Illinois and have worked more than forty hours per week during the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

## COUNT V
**Failure to Reimburse Expenses, IWPCA, 820 ILCS 115/1, *et seq*.**

62.     Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

63.     At all relevant times, Plaintiff and the members of the proposed class were "employees" of Instacart as defined by the IWPCA.

64.     At all relevant times, Instacart was the employer of Plaintiff and the members of the proposed class as defined by the IWPCA.

65.     The IWPCA provides that "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. 820 ILCS 115/9.5(a).

66.     Instacart has violated the IWPCA, 820 ILCS 115/1 *et seq.* by misclassifying its shoppers as independent contractors and failing to reimburse shoppers for their necessary business expenses such as for operating and maintaining

their vehicle and for the smart phones needed to run the Instacart application. This claim is brought on behalf of all shoppers who have worked for Instacart in Illinois during the period of January 1, 2019 until the date of judgment in this action.

## COUNT VI
### Failure to Pay Promised Wages, IWPCA, 820 ILCS 115/1, *et seq.*

67. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully rewritten herein.

68. At all relevant times, Plaintiff and the members of the proposed class were "employees" of Instacart as defined by the IWPCA.

69. At all relevant times, Instacart was the employer of Plaintiff and the members of the proposed class as defined by the IWPCA.

70. Under the IWPCA, "[a]ll wages paid on a daily basis shall be paid insofar as possible on the same day as the wages were earned, or not later in any event than 24 hours after the day on which the wages were earned." 820 ILCS 115/4

71. The IWPCA defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2.

72. Instacart has violated the IWPCA, 820 ILCS 115/1 *et seq.* by misclassifying its shoppers as independent contractors and failing to pay them all earned wages. This claim is brought on behalf of all shoppers who have worked for

Instacart in Illinois during the last ten years prior to the date of filing of this Complaint until the date of judgment in this action.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. A declaratory judgment that the Plaintiff and class members are employees, not independent contractors, under Illinois state law;

b. Injunctive relief ordering Instacart to comply with Illinois state law;

c. Certification of a class pursuant to Fed. R. Civ. P. 23;

d. An order requiring Instacart to provide a complete and accurate accounting of all the wages and expenses to which Plaintiff and members of the class are entitled;

e. An award of monetary damages to Plaintiff and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

f. An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with treble damages, and statutory damages pursuant to the formula set forth in the IMWL;

g. An award of damages to Plaintiff and members of the class in the form of back pay for all unpaid wages, reimbursement of expenses, and statutory damages pursuant to the formula set forth IWPCA;

h. An award of compensatory and punitive damages to Plaintiffs and the members of the class;

      i.      An award of prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2;

      j.      Attorneys' fees and costs; and

      k.      Such further relief as the Court deems just and proper.

Dated: June 4, 2024

Respectfully submitted,

RYAN BURNS, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Shannon Liss-Riordan (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
sliss@llrlaw.com